| | | |
|---|---|---|
| **PRENTISS DAVIS LIPSCOMB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

## I.     BACKGROUND

Pro se Plaintiff Prentiss Lipscomb is a North Carolina inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, after having been convicted in Gaston County of robbery with a dangerous weapon and larceny over $1000.  Before he was convicted of these state crimes, Plaintiff was convicted in this Court of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).  Specifically, on May 25, 2007, Plaintiff pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Case No. 3:07cr64, Doc. No. 9: Acceptance and Entry of Guilty Plea; Doc. No. 16: Judgment).  On February 26, 2008, this Court sentenced Plaintiff to ninety months of imprisonment, followed by three years of supervised release.  (Id., Doc. No. 16: Judgment).  Judgment was entered on March 5, 2008, and Plaintiff did not appeal.  On August 17, 2012, Plaintiff filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  On October 31, 2013, this Court vacated

1

Plaintiff's Section 922(g)(1) conviction in light of the Fourth Circuit's en banc decision in

United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

In this action, which Plaintiff purports to bring under the Federal Tort Claims Act, Plaintiff has named the United States as the sole Defendant.  Plaintiff appears to bring numerous claims against Defendant based on what he describes as a wrongful conviction and resulting false imprisonment, in violation of his federal constitutional rights under, among other things, the Fifth, Eighth, and Fourteenth Amendments.  Plaintiff also appears to bring common law claims for negligence, malicious prosecution, false imprisonment, and infliction of emotional distress. Plaintiff alleges that "he was in fact falsely imprisoned, spending 94 months in the United States federal prison system serving a sentence from March 22, 2006 till April 5, 2013."  (Doc. No. 1 at 2).  Plaintiff further alleges that "his time spent incarcerated was unlawful and/or illegally imposed; on its face constitutes false imprisonment within means of [being] deprived of his liberty with due process nor with respect to the equal protection clause."  (Id. at 4).  Plaintiff seeks compensatory and punitive damages, alleging that "he is duly entitled to receive just compensation and other monetary damages award in tort as a direct result from the trespass, false imprisonment; deliberate indifference, mental and emotional distress, emotional injuries leading up to pain and suffering." (Id.).

## II.      STANDARD OF REVIEW

Because Plaintiff is seeking to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and

the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

For the following reasons, the Court finds that Plaintiff has not stated a cognizable claim for relief in this action. First, to the extent that Plaintiff is bringing a claim for "negligence" against the United States under the Federal Tort Claims Act, the FTCA permits a claimant to sue the United States for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. § 2675(a). The FTCA is a waiver of the United States' sovereign immunity as to certain torts. However, the FTCA does not waive the United States' sovereign immunity as to certain common law intentional torts, see 28 U.S.C. § 2680(h), or for constitutional torts. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477-78 (1994); see also Ignacio v. United States, 674 F.3d 252, 253 (4th Cir. 2012). The intentional torts exception retains the United States' immunity in cases involving "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with

contract rights." 28 U.S.C. § 2680(h)).  The FTCA's intentional tort exception is broad and bars

"[a]ny claim arising . . . out of" an intentional tort.  Id.  Moreover, a plaintiff may not simply

recast an intentional tort claim against the United States as one for negligence to circumvent the

bar of Section 2680(h).  See United States v. Shearer, 473 U.S. 52, 55 (1985) ("Respondent

cannot avoid the avoid the reach of § 2680(h) by framing her complaint in terms of negligent

failure to prevent the assault and battery.").  Here, although Plaintiff alleges that Defendant

United States is liable for "negligence" as a result of Plaintiff's Section 922(g) conviction,

Plaintiff's claim is in fact in the nature of a claim for malicious prosecution, which is an

exempted intentional tort under the FTCA.

Furthermore, and in any event, a key jurisdictional prerequisite to filing suit under the

FTCA involves the presentation of an administrative claim to the government within two years

of the incident.  See 28 U.S.C. § 2401(b) (stating that a tort claim "shall be forever barred unless

it is presented in writing to the appropriate Federal agency within two years after such claim

accrues....").  "[T]he requirement of filing an administrative claim is jurisdictional and may not

be waived."  Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (quoting Henderson

v. United States, 785 F.2d 121, 132 (4th Cir. 1986)).  Here, Plaintiff has not alleged in the

Complaint that he has complied with the administrative claim requirement before bringing a

FTCA claim against the United States.  Therefore, Plaintiff's FTCA action against the United

States is alternatively subject to dismissal without prejudice for failure to exhaust administrative

remedies.

Next, to the extent that Plaintiff's allegations are liberally construed as an action brought

under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971),

the claim cannot succeed because Plaintiff has not alleged conduct by any person who might be liable under Bivens. A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Here, the sole Defendant, the United States, is not a proper Defendant in this Bivens action. Thus, to the extent that this action is construed as a Bivens action, Defendant United States is subject to dismissal on this grounds.

Finally, the Court finds that, even if Plaintiff had named as Defendants any individuals who could potentially be liable in a Bivens action, Plaintiff has not stated a cognizable claim in this action. Under North Carolina law, false imprisonment is "the illegal restraint of a person against his will" and "restraint is illegal if it is unlawful or [without consent]." Moore v. Evans, 124 N.C. App. 35, 42, 476 S.E.2d 415, 421 (1996). "[A] warrantless arrest without probable cause lacks legal authority and is therefore unlawful." Id. (citation omitted). As for Plaintiff's malicious prosecution claim, he bears the burden of establishing the following elements under North Carolina law: "(1) defendant initiated the earlier proceeding; (2) malice on the part of defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff." Best v. Duke Univ., 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994).

Here, when Plaintiff was convicted of being a felon in possession of a firearm under Section 922(g)(1), he had two prior convictions that qualified as felonies within the meaning of

Section 922(g)(1).  In <u>United States v. Jones</u>, 195 F.3d 205 (4th Cir.1999), and <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which were the controlling law when Plaintiff was convicted and sentenced for the Section 922(g)(1) offense, the Fourth Circuit held that an offense is punishable by more than one year in prison as long as <u>any</u> defendant could receive a term of imprisonment of more than one year upon conviction for that offense.   When Plaintiff was convicted, his prior convictions fell within the meaning of offenses punishable by more than one year in prison because the prior convictions were offenses for which a hypothetical defendant could receive more than one year imprisonment.  In <u>Simmons</u>, the Fourth Circuit overruled <u>Jones</u> and <u>Harp</u>, finding that, in determining whether a defendant has been convicted of an offense that is punishable by more than one year, the sentencing court must examine the individual defendant that is before the court and not a hypothetical defendant.  In granting Plaintiff's motion to vacate his Section 922(g)(1) conviction, this Court found that, in light of the change in law brought about by <u>Simmons</u>, Plaintiff's prior convictions no longer qualified as felonies within the meaning of Section 922(g)(1).

Here, Plaintiff has failed to allege the elements necessary to state a cognizable claim for either false imprisonment or malicious prosecution.  First, when Plaintiff was convicted of Section 922(g), his prior convictions were properly designated as felonies under the controlling law at that time.  That is, the facts alleged against Plaintiff at the time of his guilty plea were sufficient for a conviction under the law as it existed pre-<u>Simmons</u>.  Because there was probable cause under the law in existence when Plaintiff was charged with being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), Plaintiff was arrested and convicted pursuant to a valid arrest.  Furthermore, Plaintiff has also wholly failed to allege facts showing ill-will or bad

motive by the United States in bringing the charges against him.  <u>Accord</u> <u>Bontkowski v. United</u>

<u>States</u>, 28 F.3d 36, 37 (7th Cir. 1994) (standing for the proposition that there can be no liability

for malicious prosecution if the prosecution was supported by probable cause that the defendant

violated the law as it existed at the time of the violation).  In sum, Plaintiff simply fails to state a

claim for malicious prosecution, false imprisonment, or any other common law tort claim.  For

the same reasons that Plaintiff fails to state a claim for malicious prosecution, false

imprisonment, or any other common law claims, Plaintiff also fails to state a claim for a violation

of any of his federal constitutional rights, including his rights under the Fifth, Eighth, and

Fourteenth Amendments, arising out of the fact that his Section 922(g)(1) conviction has been

vacated in light of <u>Simmons</u>.  In sum, for the reasons stated herein, Plaintiff has failed to state a

cognizable claim and this action will therefore be dismissed with prejudice for failure to state a

claim.

## IV.    CONCLUSION

For the reasons stated herein, this action will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is granted for the

limited purpose of this review.

2.      This action is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A

and 1915(e).

3.      The Clerk is directed to terminate this action.

Signed: March 3, 2016

Frank D. Whitney
Chief United States District Judge